H. M. WHEELOCK, Receiver, v. THOROLF SVENSGAARD.[1]

January 24, 1896.

Nos. 9725—(283.)

**Res Judicata.**

     S., having in his possession the property of W., consisting of several head of horses, a harness, and several other articles of personal property, refused to deliver them up on demand of W. Upon the horses and one harness S. had a lien for $10.75, but none upon the other property. W. commenced a suit

[1] Reported in 65 N. W. 937.

in replevin in justice court for the recovery of the property free from the lien, and obtained judgment therefor. After the commencement of the suit in justice court, W. tendered to S. the amount of the lien, and demanded the property covered by it, and upon the refusal of S. to deliver it up W. commenced a suit in district court for its recovery, and S. pleaded the former judgment in justice court as a bar. *Held*, that the plea was not tenable.

Action in the district court for Otter Tail county. The case was tried before Baxter, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Mason & Hilton*, for appellant.

*Parsons & Brown*, for respondent.

BUCK, J. The plaintiff brought this action as receiver of the property, assets, and effects of the copartnership known as the Harry Svensgaard Bicycle Company. He was appointed as such receiver, and duly qualified on December 5, 1893. The action is replevin, and the property sought to be recovered is described in the complaint as follows: "One black mare, seven years old; one black mare, eight years old; one black mare, four years old; and also one set of double harness,"—all alleged to be of the value of two hundred and twenty-five dollars. Plaintiff claims his ownership and right of possession by virtue of his receivership.

Previous to plaintiff's appointment as receiver, the bicycle company had, by a parol agreement, delivered to the defendant, for his care and safe-keeping, the above-described property, together with certain other personal property described as follows: "One set of double harness with tassels, one buggy lap robe, three fly nets, and one brush;" all of which property remained in the possession of the defendant until some time in the latter part of the month of May, 1894. On December 19, 1893, the plaintiff, as such receiver, entered into a written contract with the defendant whereby the latter agreed to keep until April 30, 1894, the stock owned by the bicycle company, which included the three mares mentioned in the complaint. The stock consisted of several horses, colts, and sheep, and they were to be fed and cared for by the defendant, and the plaintiff was to pay him a consideration mentioned in the agreement. Several other conditions were inserted in the agreement, but no men-

tion was therein made of the other personal property above described other than that of the live stock.

Prior to May 17, 1894, the plaintiff had a conversation with the defendant relative to the latter bringing in the horses to the plaintiff in the spring of 1894, and from that conversation it appears that plaintiff computed the amount due the defendant for keeping the horses to be $10.75, and which was to be paid the defendant before he was compelled to surrender up the horses to the plaintiff. The plaintiff testified upon this matter as follows: "Mr. Svensgaard offered to return the property over to me on payment of the amount; and I told him that, owing to the fact that he had some other property to which we had a claim, that I would not pay him the amount due unless he brought in the other property. He refused to do that, and went home again." It further appears from the evidence that the defendant, at the time of the conversation between the parties, refused to deliver up the other property in his possession belonging to the plaintiff, viz. one set of double harness with tassels, one buggy lap robe, three fly nets, and one brush. Upon this property the defendant had no lien, and no title thereto, and no right of continued possession; and by his refusal to deliver it up on plaintiff's demand he was guilty of converting it, and this gave the plaintiff a right of action therefor. Upon such refusal he brought an action of replevin in justice court for this property, and obtained a judgment in his favor against the defendant.

Subsequently the plaintiff tendered to the defendant the sum of $10.75 for keeping the property mentioned in the complaint in this action, and the defendant promised to return it, but, after waiting two or three days, refused to deliver it up to plaintiff. Thereupon the plaintiff commenced this action, and the defendant, in his answer, pleads in bar the former suit. This defense is not tenable. There were two distinct causes of action, made so by the very acts of the parties themselves. Suit upon the former existing cause of action was commenced in justice court, before this other cause of action arose. The issues tendered were different; the evidence necessary to support them was, in some respects at least, different; and some of the essential elements necessary to enable a party to plead a former suit in bar are wanting.

Order affirmed.